## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | * | Case No. 3:22-CR-0079-02 |
| Plaintiff, | * | Judge Jack Zouhary |
| -vs- | * | **SENTENCING MEMORANDUM** |
| Melissa Hutchinson, | * | Merle R. Dech, Jr. (0055835) |
| | | 610 Adams Street, 2nd Floor |
| Defendant. | * | Toledo, Ohio  43604 |
| | | (419) 241-5506 |
| | * | (419) 242-3442 (fax) |
| | | mdechesq@hotmail.com |
| | * | |
| | | Counsel for Defendant |
| | * | |

\* \* \* \* \* \* \* \* \*

Now comes Defendant, Melissa Hutchinson, by and through counsel, Merle R. Dech, Jr., and respectfully requests that the Court fashion a sentence that is sufficient, but not greater than necessary, to accomplish the objectives set forth in 18 U.S.C. 3553(a). The Memorandum will address the objection set forth in the P.S.R., 18 U.S.C. §3553 factors, and Defendant's request for a variance.

## OBJECTION TO PARAGRAPH 25 OF THE PRE-SENTENCE REPORT

Paragraph 25 of the Pre-Sentence Report has a four (4) level enhancement under Specific Offense Characteristics.  Said paragraph reads:

The Armi Galesi-Brescia Model Brevetto, 6.35mm Caliber, had an obliterated serial number. Therefore, a four-level increase is applicable pursuant to §2K2.1(b)94)(B).

Defendant, through counsel, objected to the four (4) level enhancement as her only objection to the P.S.R. See, Final P.S.R. filed October 13, 2022, page 18.

The four (4) level enhancement is due to the discovery of an Amri-Galesi Model Beretta 6.35 semi-automatic pistol found in a small biometric safe located in Defendant's bedroom. This biometric safe could only be unlocked by the fingerprint of the Defendant. Said firearm was a gift to the Defendant from her late father at the time of his passing.

> Offenses are part of the same course of conduct "if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Id.* § 1B1.3 cmt. n.5(B)(ii). In analyzing the connection between offenses, we consider three factors: "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.* "When one of [these] factors is absent, a stronger presence of at least one of the other factors is required." *Id.*; *see also Phillips*, 516 F.3d at 483 (describing our approach to these factors as a "sliding scale" that allows for stronger evidence of one factor to compensate for weaker or absent evidence of another). In looking for stronger evidence of similarity, we may consider whether the conduct involves common victims, common offenders, a common purpose, or a common modus operandi. *United States v. Hill*, 79 F.3d 1477, 1483 (6th Cir. 1996).

United States v. Amerson, 886 F.3d. 568, 574 (6th Cir. 2018)

> To determine relevant conduct, the court looks to whether the activity was "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. §1B1.3(a)(2); see *United States v. Santoro*, 159 F.3d 318, 321 (7th Cir. 1998).

United States v. Bowens, 938 F.3d 791, 798 (6th Cir. 2019)

In the present case, utilizing the factors set forth in Bowens, the four (4) level enhancement is improper.

The enhancement is based upon an obliterated serial number of an uncharged firearm found in a safe which could be opened only by Defendant's fingerprint.

Regularity is not present for this enhancement to apply.  Defendant is charged with False Statement in connection with the purchase of firearm and Disposing of a Firearm to a Felon.  These charges arise from conduct on December 15, 2021 and January 6, 2022.  Regularity is absent from this.

Similarity is not present in this case.

> In reaching that conclusion, we focus, as the Guidelines require, on three factors:  regularity, similarity, and timing.  U.S.S.G. §1B1.3 cmt. n.5(B)(ii).

Bowens, at 799.

In the present case, there is no similarity at all to the enhancement in quest.

Timing is definitely not present.  The conduct in the Indictment occurred on December 15, 2021 and January 6, 2022.  Discovery of the serial number occurred on February 14, 2021.

> "When we have upheld relevant-conduct determinations involving illegal gun possessions, we have emphasized characteristics about the possessions that show similarity *beyond* the act of unlawfully possessing a gun." *Amerson*, 886 F.3d at 578 (emphasis added) (citing *United States v. Phillips*, 516 F.3d 479, 485 (6th Cir. 2008)). In other words, we look beyond "the general nature of the offense." *Id.*

Bowens, at 800.

In the present case, regularity, similarity and timing are not present.  Even using a sliding scale the enhancement is improper.

Defendant, through counsel, asks this Court to grant the objection to the four (4) level enhancement and find that the adjusted offense level be fourteen (14), with the total offense level after acceptance of responsibility being a level twelve (12).

**APPLICATION OF THE SENTENCING FACTORS TO
MRS. HUTCHINSON'S CASE**

**A.      Title 18 U.S.C. Section 3553(a)**

**1.      The Nature and Circumstances of the Offense and the History and
Characteristics of the Defendant.**

In the present case, the circumstances of the Defendant's involvement is that Defendant, on December 15, 2021, redeemed a Glock 19 model 9mm, (hereinafter "Glock") from Cashland.  Following her filling out the ATF Form 4473, Defendant received said firearm in a box and handed it to her husband, a convicted felon.

On January 6, 2022 Defendant, receiving the Glock from her husband, AND pawned the Glock for a 410 gauge shotgun.

Defendant has accepted responsibility for her actions on said dates.  She realizes what she did was illegal.

Miss Hutchinson, as she appears before this Court, has no criminal history as a juvenile or as an adult.  No criminal or traffic convictions or even charges, criminal or traffic, brought against her.  Defendant has zero criminal history points.

Defendant is thirty-five (35) years of age, has been married for five (5) years to her co-Defendant, and has no children.  Defendant was employed to TJX Companies from 2005 until September, 2022 when she lost the job due to this pending matter. Defendant hopefully, at the time of sentencing, will be employed.  Additionally,

Defendant works for ARC of Oakland as a respite provider for her brother who has special needs.

**2.      The Need for the Sentence Imposed**

If the Court grants Defendant's objection, Defendant would be a total offense level of twelve (12) and criminal history one (1), leaving a guideline range of ten (10) to sixteen (16) months, zone C.  Defendant requests a downward variance based on her personal characteristics, most notably complete lack of criminal history, her strong employment record, and other personal characteristics.

**2(A).   The Need for the Sentence Imposed – To Reflect the Seriousness of the Offense, To Promote Respect for the Law, and to Provide Just Punishment for the Offense.**

This is a serious offense, the most serious offense that the Defendant has been charged with.  The issue becomes:  what is the proper sentence that would reflect the seriousness of the offense, yet is not greater than necessary to provide just punishment?  Defense counsel proposes that a sentence of home confinement would be a serious but not greater than necessary sentence.  Mrs. Hutchinson appreciates the seriousness of the offense, such a sentence would promote respect for the law, and would provide just punishment for the offense.

**2(B).   The Need for the Sentence Imposed – To Afford Adequate Deterrence to Criminal Conduct.**

A sentence such as the one previously suggested would deter future criminal conduct of Mrs. Hutchinson.  As previously stated this is the first time Defendant has been charged with a criminal or traffic offense.  Defendant has zero criminal points, zero criminal or traffic charges and/or convictions.  Clearly, this conviction serves as an

adequate deterrence of future criminal conduct.  A sentence of home confinement will deter Defendant from future criminal conduct.

### 2(C).  The Need for the Sentence Imposed – To Protect the Public from Further Crimes of Defendant.

The Court can be assured the public would be safe from the Defendant for several reasons.  First, the sentence proposed is home confinement.  Following home confinement Defendant will be on a period of Supervised Release, the Guideline range is one (1) to three (3) years.  As Mrs. Hutchinson has no prior criminal history she will complete supervised release without any violations.

### 2(D).  The Needs for the Sentence Imposed – To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.

Mrs. Hutchinson would benefit from the structure of supervised release.

### 3.  The Kinds of Sentences Available and the Sentencing Range Established for the Instant Offense by the Sentencing Commission.

In the present case, Defendant requests a variance to achieve a sentence of home confinement.  Further, Defendant asks for a supervised release period of one (1) to three (3) years.  Such a sentence would accomplish the goals set forth in 18 U.S.C. §3553.

### 4.  Any Pertinent Policy Statement.

Not applicable.

### 5.  The Need to Avoid Unwarranted Sentence Disparities Among Defendants With Similar Records Who Have Been Found Guilty of Similar Conduct.

Mrs. Hutchinson respectfully submits that this Court is in the best position to avoid any unwarranted disparities.  In addition, it is important to emphasize that Mrs. Hutchinson is seeking a variance based on 18 U.S.C. §3553(a) and not a departure from the advisory guideline range.

6.      **The Need to Provide Restitution to any Victims of the Offense.**

Not applicable.

## CONCLUSION

Mrs. Hutchinson respectfully asks this Court to find that a sentence of home confinement is sufficient, but not greater than necessary to accomplish the objectives set forth in 18 U.S.C. §3553(a).  Mrs. Hutchinson requests that this Court vary from the advisory sentencing range and sentence her accordingly.

Respectfully submitted:


/s/:  Merle R. Dech, Jr.
Merle R. Dech, Jr.
Counsel for Defendant


## CERTIFICATION


This certifies that on October 24, 2022 a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's E.C.F. system.


/s/:  Merle R. Dech, Jr.
Merle R. Dech, Jr.
Counsel for Defendant